UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIRIAM GOMEZ, | Case No.: 2:23-cv-00081-APG-BNW |
| Plaintiff | **Order Remanding Case** |
| v. | |
| COSTCO WHOLESALE CORPORATION, | |
| Defendant | |

I previously ordered defendant Costco Wholesale Corporation to show cause why this action should not be remanded for lack of subject matter jurisdiction. ECF No. 5. Costco has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. The plaintiff incurred only $17,305.06 in medical bills and Costco has presented no evidence of other damages, such as lost wages. ECF No. 8 at 11. Costco relies on the plaintiff's settlement demands for $120,000 and $100,000. *Id.* at 9-14. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). But given the low amount of medical bills and no evidence of other damages, there is insufficient evidence that the settlement demands are reasonable estimates of the value of the plaintiff's claims.

Based on my judicial, legal, and practical experience and common sense, I find it unlikely that the amount in controversy exceeds $75,000. In addition to awarding full recovery of her medical bills, a jury would have to award additional damages over $57,000. The underlying allegations do not suggest such an award. Thus, Costco has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal,* 556 U.S. at 679. I thus remand this action to state court.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 1st day of February, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE